```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                        CRIMINAL ACTION NO. 2:13-00095

**MICHAEL PAUL**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On August 18, 2014, the United States of America appeared by Blaire L. Malkin, Assistant United States Attorney, and the defendant, Michael Paul, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Patrick M. Fidler.  The defendant commenced a three-year term of supervised release in this action on December 3, 2012, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on May 18, 2009.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state offense of domestic battery as evidenced by his guilty plea on May 14, 2014, in Fayette County Magistrate Court, for which he received a sentence of 60 days imprisonment, a $100 fine and court costs; and (2) the defendant violated the special condition that he refrain from the use, possession and purchase of alcohol as evidenced by his admission to the probation officer that on the night of the domestic battery incident he had consumed "a few beers"; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of thirty (30) months of supervised release[1] upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special conditions that he (1) spend six months in a community confinement center and follow the rules and regulations of the facility, (2) participate in alcohol abuse counseling and treatment, and (3) expeditiously liquidate the $600 obligation owed in order to regain his driver's license.  The $247,046.30 restitution balance is hereby reimposed and the defendant shall continue to make monthly restitution payments in the amount of $100 per month as originally ordered.

---

[1] The thirty-month term of supervised release is imposed as to each Counts One and Six, to run concurrently, for a total supervised release term of thirty months.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 11, 2014

John T. Copenhaver, Jr.
United States District Judge