# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:13-00095

**MICHAEL PAUL**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On January 11 and 25, 2019, the United States of America appeared by J. Matthew Davis, Assistant United States Attorney, and the defendant, Michael Paul, appeared in person and by his counsel, Rachel E. Zimarowski, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release and amendments thereto submitted by United States Probation Officer Amy Berry-Richmond. The defendant commenced a 26-month term of supervised release in this action on September 29, 2017, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on July 3, 2017.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant violated the laws of the State of West Virginia in that on January 21, 2018, he drove on the public highways on a suspended/revoked driver's license in violation of W.Va. Code § 17B-04-03(a) as evidenced by his guilty plea on March 13, 2018, in the Magistrate Court of Fayette County, West Virginia; and on June 30, 2018, he drove on the public highways without an operator's license in violation of W.Va. Code § 17B-2-1, drove without insurance in violation of W.Va. Code § 17D-2A-3, obstructed an officer in violation of W.Va. Code § 61-05-17(a), and engaged in conduct constituting "Fleeing Reckless" in violation of W.Va. Code § 16-05-17(d), as evidenced by his stipulation on the record of the hearing that the government possesses sufficient proof to prove the violations by a preponderance of the evidence; (2) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on January 3, 2018, for morphine, the defendant having admitted to the probation officer that he used heroin on December 31, 2017, and on January 1, 2018; and a positive urine specimen submitted by him on December

6, 2018, for heroin, marijuana, methamphetamine, amphetamine and cocaine, the defendant having admitted such use to the probation officer; (3) the defendant failed to file monthly reports for the months of March, April, May, June, July, August, September, October and November, 2018; (4) the defendant failed to participate in random urine screens as directed on December 7 and 20, 2017; January 11 and 26, February 15 and 23, March 12 and 20, April 10 and 27, and June 8 and 19, 2018; (5) the defendant failed to report to the probation officer as instructed on April 30, 2018; (6) the defendant failed to abide by the condition that he not associate with any persons convicted of a felony inasmuch as on June 7, 2018, he was present in the home of a convicted felon without permission; and (7) the defendant failed to report his contact with law enforcement on June 7, 2018, within 72 hours; all as admitted by the defendant on the record of the hearing with the exception of (1) as set forth above and all as set forth in the petition on supervised release and amendments thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not

revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **TWELVE MONTHS AND ONE DAY**.  Restitution is hereby reimposed in the amount of $268,074.29.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  February 12, 2019

John T. Copenhaver, Jr.
Senior United States District Judge